■ ARMANDO RUIZ, Respondent, v FRANK HIRNER et al., Defendants. (Action No. 1.) ARMANDO RUIZ, Respondent, v ANN JENKINS, Defendant, and RAYMOND MARTE et al., Appellants. (Action No. 2.)—In two negligence actions, each to recover damages for personal injuries, defendants Marte (Action No. 2) appeal from an order of the Supreme Court, Queens County, entered November 2, 1977, which granted plaintiff's motion to "consolidate" the two actions, and directed a joint trial "in the interests of justice". Order modified by deleting therefrom the words "motion is granted and" and substituting therefor the words "motion is granted to the extent that". As so modified, order affirmed, without costs or disbursements. This appeal involves two personal injury actions resulting from separate car accidents which occurred 25 days apart. In both accidents the plaintiff's vehicle was struck in the rear causing injuries to his back and neck. He initially commenced one action against all of the defendants herein, distinguishing between the two accidents in separate causes of action. Upon motion of defendants Hirner, the action was severed into separate actions and the plaintiff was directed to serve separate amended summonses and complaints. The plaintiff neither moved to reargue the order granting the severance nor appealed therefrom. Instead he fully complied with the order. More than two years later the plaintiff moved to consolidate the two actions. The application was supported by several medical affidavits to the general effect that the injuries sustained in the second accident were superimposed upon the injuries sustained in the first accident. There was considerable ambiguity as to the extent that the injuries were exacerbated by the second accident. Although the Justice who had previously directed the severance was apparently available, the application for consolidation was granted by another Justice, contrary to the clear dictates of CPLR 2221 which required the transfer of the motion to the first Justice. There is no question that it was an improvident exercise of discretion for the second Justice to have entertained the plaintiff's motion. However, the present circumstances are somewhat unusual in that the Justice who ordered the severance has recently retired and is no longer available. The time to appeal from the order of severance has long since expired, and the application for consolidation was premised on medical examinations which occurred subsequent to the date of that order. It is clear that a joint trial is proper since, as a result of the overlapping injuries, the plaintiff would be prejudiced if compelled to proceed with separate trials. In the circumstances of this case, the potential prejudice to the plaintiff is sufficient reason not to formally adhere to CPLR 2221. It is unclear whether the order appealed from intended to direct consolidation or merely to direct a joint trial. Since the two actions resulted from entirely separate automobile accidents the more appropriate remedy is joinder and the order should be modified accordingly. Hopkins, J. P., Martuscello, Damiani and Rabin, JJ., concur.